IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEN ROTEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 22-1103-CFC |
| ) | |
| ROBERT MAY, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I.     BACKGROUND[1]**

Petitioner is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) In January 2010, a Delaware Superior Court jury convicted Petitioner of assault in a detention center. *See Roten v. State*, 208 A.3d 703 (Table), 2019 WL 1499908, at *1 (Del. Apr. 3, 2019). On February 19, 2010, the Superior Court sentenced Petitioner as an habitual offender to twenty-five years of Level V incarceration, followed by six months of Level IV work release. *See id.* The Delaware Supreme Court affirmed Petitioner's conviction and sentence on October 4, 2010. *See Roten v. State*, 5 A.3d 631 (Table), 2010 WL 3860663 (Del. Oct. 4, 2010).

On February 9, 2011, Petitioner filed in the Delaware Superior Court his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61

---

[1]Petitioner has not provided any documentation concerning his pursuit of relief in the Delaware state courts. The Court has constructed the pertinent background information by referencing published and unpublished decisions issued by the Superior Court and the Delaware Supreme Court.

("Rule 61 motion"). *See Roten v. State*, 69 A.3d 372 (Table), 2013 WL 3206746, at *1 (Del. June 21, 2013). The Superior Court denied the Rule 61 motion in July 2011, and the Delaware Supreme Court affirmed that judgment on November 8, 2011. *See Roten v. State*, 35 A.3d 419 (Table), 2011 WL 5419684 (Del. Nov. 8, 2011).

Thereafter, sometime in January 2012, Petitioner filed a motion for correction of illegal sentence and a motion for new trial. *See Roten v. State*, No. 262, 2012, Order (Del. Nov. 16, 2012). The Superior Court denied both motions. The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's motion for correction of sentence on July 30, 2012. *See Roten v. State*, 49 A.3d 1194 (Table), 2012 WL 3096659 (Del. July 30, 2012). The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's motion for new trial on November 16, 2012. *See Roten v. State*, No. 262, 2012, Order (Del. Nov. 16, 2012).

Petitioner filed a motion to reopen his first Rule 61 proceeding, which the Superior Court denied on October 9, 2012. *See Roten,* 2013 WL 3206746, at *1. The Delaware Supreme Court affirmed that decision on June 21, 2013. *See id.* at *2.

On July 30, 2013, Petitioner filed a second Rule 61 motion. *See State v. Roten*, 2013 WL 7046369, at *1 (Del. Super. Ct. Sept. 3, 2013). The Superior Court denied that motion on September 3, 2013. *See id.* at *2. The Delaware Supreme Court affirmed that decision on October 28, 2013. *See Roten v. State*, No. 476, 2013, Order (Del. Oct. 28, 2013).

At some point in 2017, Petitioner filed a request in the Superior Court for a certificate of eligibility to file a petition to modify his habitual offender sentence. *See Roten v. State*, No. 441, 2017, Order (Del. Dec. 13, 2017). The Superior Court denied

that request on September 22, 2017 and, on December 13, 2017, the Delaware Supreme Court dismissed his appeal of that order as untimely. *See id.*

In August 2018, Petitioner filed a motion for correction of illegal sentence. *See Roten*, 2019 WL 1499908, at *1. The Superior Court denied that motion, and the Delaware Supreme Court affirmed the Superior Court's decision on April 3, 2019. *See id.* at *2.

Petitioner filed the instant Petition on August 22, 2022. (D.I. 3) The Petition asserts that the Delaware state courts violated his due process rights by sentencing him as an habitual offender for his 2010 conviction for assault in a detention center. (D.I. 3 at 5)

## II. DISCUSSION

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. AEDPA imposes a one-year period of limitation on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of circumstances. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). AEDPA's limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may be also excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021).

Given Petitioner's extensive history of challenging his habitual sentence in the Delaware state courts for over a decade, the Court does not discern any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Consequently, the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Under § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In this case, the Delaware Supreme Court affirmed Petitioner's conviction on October 4, 2010, and he did not seek review by the United States Supreme Court. As a result, his judgment of conviction became final on January 3, 2011.[2] Applying the one-year

---

[2]The ninety-day period actually ended on January 2, 2011, which was a Sunday. Therefore, the time to file petition for writ of certiorari extended through the end of the day on January 3, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

4

limitations period to that date, Petitioner had until December January 3, 2012 to file a timely habeas petition. See *Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner filed the instant Petition on August 19, 2022, more than eleven years after that deadline. Thus, the Court's preliminary screening of the Petition indicates that the Petition is untimely.

AEDPA's limitations period is subject to statutory and equitable tolling. See *Holland*, 560 U.S. at 645 (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See *Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Sup. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. See *Swartz*, 204 F.3d at 424

The last post-conviction motion concerning Petitioner's habitual offender sentence—and therefore, the last possible motion that could trigger statutory tolling here—was the motion for correction of illegal sentence that Petitioner filed in August 2018. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on April 3, 2019, which is also the last day for any tolling associated with Petitioner's August 2018 motion for correction of sentence.[3] Since Petitioner filed the instant Petition more than three years after the Delaware Supreme Courts April 3, 2019 decision, statutory tolling does not render the Petition timely filed.

Given these circumstances, the only way for the instant Petition to be deemed timely filed is if equitable tolling applies or Petitioner establishes a gateway claim of actual innocence. Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition."

---

[3]Although the Court would normally calculate the amount of statutory tolling related to each specific state post-conviction motion, such a labor intensive inquiry is not necessary given the absence of post-conviction filings occurring between the Delaware Supreme Court's April 3, 2019 decision and the filing of the instant Petition.

6

*Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

### III. CONCLUSION

Petitioner does not directly address the issue of timeliness. Nevertheless, in the interest of justice, Petitioner shall be given an opportunity to show cause why his Petition should not dismissed as untimely under 28 U.S.C. § 2244(d)(1). In his response to this Memorandum and Order, Petitioner shall state with specificity any facts establishing a credible claim of actual innocence or facts that may entitle him to equitable tolling of the statute of limitations, and why his habeas Petition should not be dismissed as time-barred. The Court will issue an Order consistent with this Memorandum.

Dated: November 17, 2022

_____
Colm F. Connolly
Chief Judge