IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BEN ROTEN, :
:
            Petitioner, :
:
v. : Civil Action No. 22-1103-CFC
:
ROBERT MAY, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
            Respondents. :

_____

Ben Roten. *Pro se* Petitioner.

_____

**MEMORANDUM OPINION**

December 18, 2023
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Petitioner is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. 2254. (D.I. 3) The Court entered a Memorandum and Order directing Petitioner to show cause why his Petition should not be dismissed as time-barred. (D.I. 5; D.I. 6) Petitioner filed a Response. (D.I. 7) For the following reasons, the Court will dismiss the Petition as time-barred without issuing a certificate of appealability.

I. BACKGROUND

In January 2010, a Delaware Superior Court jury convicted Petitioner of assault in a detention center. *See Roten v. State*, 208 A.3d 703 (Table), 2019 WL 1499908, at *1 (Del. Apr. 3, 2019). On February 19, 2010, the Superior Court sentenced Petitioner as an habitual offender to twenty-five years of Level V incarceration, followed by six months of Level IV work release. *See id*. The Delaware Supreme Court affirmed Petitioner's conviction and sentence on October 4, 2010. *See Roten v. State*, 5 A.3d 631 (Table), 2010 WL 3860663 (Del. Oct. 4, 2010).

On February 9, 2011, Petitioner filed in the Delaware Superior Court his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. *See Roten v. State*, 69 A.3d 372 (Table), 2013 WL 3206746, at *1 (Del. June 21, 2013). The Superior Court denied the Rule 61 motion in July 2011, and the Delaware Supreme Court affirmed that judgment on November 8, 2011. *See Roten v. State*, 35 A.3d 419 (Table), 2011 WL 5419684 (Del. Nov. 8, 2011).

Thereafter, sometime in January 2012, Petitioner filed a motion for correction of illegal sentence and a motion for new trial. *See Roten v. State*, No. 262, 2012, Order

2

(Del. Nov. 16, 2012). The Superior Court denied both motions. The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's motion for correction of sentence on July 30, 2012. *See Roten v. State*, 49 A.3d 1194 (Table), 2012 WL 3096659 (Del. July 30, 2012). The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's motion for new trial on November 16, 2012. *See Roten v. State*, No. 262, 2012, Order (Del. Nov. 16, 2012).

Petitioner filed a motion to reopen his first Rule 61 proceeding on October 9, 2012, which the Superior Court denied on October 9, 2012. *See Roten,* 2013 WL 3206746, at *1. The Delaware Supreme Court affirmed that decision on June 21, 2013. *See id.* at *2.

On July 30, 2013, Petitioner filed a second Rule 61 motion. *See State v. Roten*, 2013 WL 7046369, at *1 (Del. Super. Ct. Sept. 3, 2013). The Superior Court denied the second Rule 61 motion on September 3, 2013. *See id.* at *2. The Delaware Supreme Court affirmed that decision on October 28, 2013. *See Roten v. State*, No. 476, 2013, Order (Del. Oct. 28, 2013).

At some point in 2017, Petitioner filed a request in the Superior Court for a certificate of eligibility to file a petition to modify his habitual offender sentence. *See Roten v. State*, No. 441, 2017, Order (Del. Dec. 13, 2017). The Superior Court denied that request on September 22, 2017 and, on December 13, 2017, the Delaware Supreme Court dismissed his appeal of that order as untimely. *See id.*

In August 2018, Petitioner filed a motion for correction of illegal sentence. *See Roten*, 2019 WL 1499908, at *1. The Superior Court denied that motion, and the

3

Delaware Supreme Court affirmed the Superior Court's decision on April 3, 2019. *See id.* at *2.

Petitioner filed the instant Petition on August 22, 2022. (D.I. 3) The Petition asserts that the Delaware state courts violated his due process rights by sentencing him in 2010 as an habitual offender for his conviction for assault in a detention center. (D.I. 3 at 5)

On November 17, 2022, the Court entered a Memorandum and Order directing Petitioner to show cause why his Petition should not be dismissed as time-barred. (D.I. 6; D.I. 7) Petitioner responded that the limitations period should be equitably tolled and that he is "actually innocent" of the habitual offender status because the State should not have used his North Carolina conviction for larceny as a predicate offense for habitual offender purposes. (D.I. 7 at 3-6)

## II. STATUTE OF LIMITATIONS

As the Court previously explained in its Memorandum and Order to Show Cause, the instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, and is subject to AEDPA's one-year period of limitation. (D.I. 5 at 3-4) AEDPA's limitations period may be statutorily and equitably tolled, and a petitioner may also avoid being time-barred by establishing a gateway claim of actual innocence. (*See id.* at 5-7)

### A. Statutory Tolling

Petitioner filed the instant Petition more than 11 years after his judgment of conviction became final on January 3, 2011. (See D.I. 5 at 4-5). Petitioner has not provided a thorough accounting of all the state post-conviction motions he filed after

4

January 20011. Utilizing the post-conviction motions the Court has identified by referencing both published and unpublished decisions issued by the Superior Court and the Delaware Supreme Court, the Court concludes that AEDPA's one year statute of limitations expired – at the very latest – at the end of September 2014.

For instance, Petitioner's judgment of conviction became final on January 3, 2011. Thirty-five days of the limitations period expired before Petitioner filed his first Rule 61 motion on February 9, 2011. Petitioner's first Rule 61 motion tolled the limitations period through November 8, 2011, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. Yet, given the inability to ascertain the precise dates on which Petitioner filed his next motions for post-conviction relief – a motion for correction of illegal sentence and a motion for a new trial that were filed sometime in January 2012 – and given the overlap between subsequent post-conviction motions, the Court will presume that the limitations period remained tolled from the filing of Petitioner's first Rule 61 motion on February 9, 2011 through the Delaware Supreme Court's affirmance of the Superior Court's denial of Petitioner's second Rule 61 motion on October 28, 2013. The limitations clock started to run again on October 29, 2013, and ran the remaining 330 days without interruption until the limitations period expired on September 24, 2014. Therefore, as the Court explained in its Memorandum and Order, the instant Petition is time-barred, unless equitable tolling or the actual innocence exception apply. (D.I. 5 at 7)

**B. Equitable Tolling**

Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

Petitioner contends the Court should equitably toll the limitations period because: (1) he diligently pursued his rights in the Delaware state courts from the date of his conviction in 2010 through April 3, 2019, the date on which the Delaware Supreme

Court affirmed the denial of his most recent post-conviction motion; and (2) he became sick with Covid-19 "shortly after [Covid-19] first hit" the prison "[a]round January of 2020." (D.I. 7 at 3) Petitioner's argument is unavailing. First, Petitioner does not explain why he did not file a federal habeas petition at any point during the 11-year period after his conviction became final in January 2011. Second, even if the Court were to view the time-period following the most recent Delaware Supreme Court post-conviction decision on April 3, 2019 as the relevant time-period for equitable tolling purposes,[1] Petitioner's attempt to establish Covid-19 as an extraordinary circumstance is unavailing. The earliest the Covid-19 pandemic impacted the United States was mid to late February 2020,[2] Delaware's Governor declared a state of emergency due to Covid-19 on March 12, 2020,[3] and the first confirmed Covid-19 cases at the James T.

---

[1] Although the Court's Memorandum and Order identified Petitioner's motion for correction of an illegal sentence that he filed in August 2018 as "the last post-conviction motion concerning Petitioner's habitual offender sentence – and therefore, the last possible motion that *could* trigger statutory tolling," (D.I. 5 at 6) (emphasis added), the Court did not state that the August 2018 motion *actually* triggered statutory tolling. The Court was merely noting that, since Petitioner filed the instant Petition three years after the Delaware Supreme Court's April 3, 2019 decision affirming the Superior Court's denial of the August 2018 motion – which was the last possible motion that could possibly trigger statutory tolling – the Petition was time-barred absent equitable tolling or the application of the actual innocence exception. Petitioner appears to believe that the Court viewed the entire period from January 3, 2011 to April 3, 2019 as statutorily tolled. To offset any confusion, the Court will specifically address Petitioner's argument for equitably tolling the period after April 3, 2019.

[2] On February 13, 2020, the CDC confirmed the fifteenth case of Covid-19 in the United States. On February 25, 2020, the CDC held a telebriefing bracing the nation that there may be a severe "disruption to everyday life" resulting from the "mitigation efforts to contain the SARS-CoV-2 virus in the" United States. https://www.cdc.gov/museum/timeline/covid19.html.

[3] *See* https://governor.delaware.gov/helath-soe/state-of-emergency/.

7

Vaughn Correctional Center – where Petitioner is housed – were reported during the first week in April 2020. See https://firststateupdate.com/2020/04/new-covid-19-cases-reported-in-delaware-prison-system/. Petitioner does not identify the time period during which he was sick with Covid-19. Yet, even if the Court were to presume that Petitioner became sick with Covid-19 on April 1, 2020 and viewed the statutory tolling period as ending on April 3, 2019, 363 days of AEDPA's one year limitations period had expired by the time Petitioner hypothetically became sick on April 1, 2020. In other words, Petitioner would only be entitled to two days of equitable tolling. Petitioner did not file the instant Petition until August 22, 2022, and he does not assert – nor is there any reason to believe – that he remained sick with Covid-19 from April 1, 2020 through August 20, 2022. Therefore, equitable tolling does not render the instant Petition timely filed.

### C. Gateway Claim of Actual Innocence

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. See *McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace v. Mahanoy*, 2 F. 4th 133,150-151 (3d Cir. 2021). A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner asserts that he is "in fact innocent of [the habitual offender] declaration" because the North Carolina conviction the State used as a predicate offense for habitual offender purposes "was equivalent to a Delaware misdemeanor." (D.I. 7 at 6) This unsupported contention does not constitute "new reliable evidence" of Petitioner's actual innocence. Therefore, Petitioner's instant assertion does not constitute a credible gateway claim capable of overcoming AEDPA's time-bar.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A federal court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court concludes that Petitioner's habeas Petition must be dismissed as time-barred, and is persuaded that reasonable jurists would not find this conclusion to be debatable or wrong. Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant Petition as time-barred.

An appropriate Order will be entered.